NOT DESIGNATED FOR PUBLICATION

No. 119,401

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON ALVIN DANNEBOHM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed January 11, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Brandon Alvin Dannebohm appeals the district court's decision to revoke his probation and order him to serve his original sentence. We granted Dannebohm's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded, and it requests that the district court's judgment be affirmed.

Dannebohm pled no contest to a single count of possession of methamphetamine, a severity level 5 drug felony. Bieker's criminal history score for this offense is A. The presumptive disposition for drug grid block 5-A is prison, with a sentencing range of 37-40-42 months. K.S.A. 2017 Supp. 21-6805(a).

1

Before sentencing, Dannebohm filed a motion for dispositional departure to probation. After hearing arguments of counsel at a hearing held on February 7, 2017, the court sentenced Dannebohm to 40 months in prison but granted Dannebohm's motion for a dispositional departure and placed him on probation with community corrections for a period of 24 months.

On December 8, 2017, community corrections filed a report with the court alleging Dannebohm violated several conditions of his probation, including two drug screenings that tested positive for methamphetamine, failure to report to community corrections as required, and failure to notify community corrections of a change of residence. At a probation revocation hearing, Dannebohm admitted to each of the referenced violations. As a result, the district court revoked Dannebohm's probation and imposed the original sentence of 40 months in prison.

On appeal, Dannebohm argues that the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentence. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Dannebohm bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion in revoking probation is typically limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716, which requires that sanctions be imposed prior to the court revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are a few exceptions that

permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One of those exceptions allows the district court to revoke probation if it was "originally granted as a result of a dispositional departure." K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Here, it is undisputed that Dannebohm's probation was originally granted as a result of a dispositional departure. Thus, when Dannebohm stipulated to violating the terms of his probation, the district court was entitled to revoke his probation and impose the underlying prison sentence. Dannebohm fails to persuade us that no reasonable person would have taken the district court's action or that the court's decision was based on an error of fact or law; thus, we conclude the district court did not abuse its discretion in revoking Dannebohm's probation and ordering him to serve his original prison sentence.

Finally, for the first time on appeal, Dannebohm argues his sentence is illegal because it was improperly enhanced due to the district court increasing his criminal history score by considering his criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because Dannebohm never timely appealed his sentence after it was imposed, we lack the jurisdiction to consider this issue. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007). But even if we did, the Kansas Supreme Court has rejected this argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d 904 (2008) (Court of Appeals duty bound to follow Supreme Court precedent).

Affirmed in part and dismissed in part.